# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEE ALLEN BRANNUM, | 1:06-cv-00783-OWW-TAG HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION (Doc.9) |
| v. | |
| BOARD OF PRISON HEARINGS, | ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on June 20, 2006, contending that Respondent had violated his constitutional rights by denying his request to be released on parole. (Doc. 1). On November 27, 2007, the Court issued an order for Respondent to file an answer. (Doc. 5). On December 5, 2007, in lieu of an answer, Respondent filed the instant motion to dismiss, contending that because Petitioner has been released on parole, his petition is now moot. (Doc. 9).

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on the claim that the petition is now moot because the relief Petitioner has requested, i.e., release on parole, has already been afforded.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. The Petition is Moot

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "[h]e is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991)(quoting Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d at 420.  If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be

1  dismissed.  Rule 4 of the Rules Governing § 2254 Cases[1]; <u>Peterson v. Wilson</u>, 373 F.2d 737, 738
2  (9th Cir.1967).

3        The case or controversy requirement of Article III of the Federal Constitution deprives the
4  Court of jurisdiction to hear moot cases.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70
5  104 S.Ct. 373 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th
6  Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties
7  lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481, 102 S.Ct.
8  1181 (1982).  The Court has no power to decide cases that do not affect the rights of litigants in
9  the case before them.  <u>DeFunis v. Odegaard</u>, 416 U.S. 312, 316, 94 S.Ct. 1704 (1974); <u>Mitchell
10 v. Dupnik</u>, 75 F.3d 517, 527-528 (9th Cir. 1996).  "To satisfy the Article III case or controversy
11 requirement, a litigant must have suffered some actual injury that can be redressed by a favorable
12 judicial decision." <u>Iron Arrow</u>, 464 U.S. at 70, 104 S.Ct. at 375; <u>Simon v. Eastern Ky. Welfare
13 Rights Org.</u>, 426 U.S. 26, 38, 96 S.Ct. 1617 (1976); <u>NAACP, Western Region</u>, 743 F.2d at 1353.

14       Here, the petition contends that Petitioner was convicted in 1982 for second degree
15 murder and was sentenced to a term of fifteen years to life in prison. (Doc. 1, p. 1).  On March 1,
16 2004, the Board of Prison Terms, now the Board of Parole Hearings ("BPH"), voted to release
17 Petitioner on parole. (Doc. 1, Exh. B).  On July 29, 2004, the Governor of California, exercising
18 his statutory authority, reversed the BPH's decision to grant parole. (Doc. 1, Exh. 1).  The
19 petition alleges that Petitioner's due process rights and his original plea agreement were violated
20 by the Governor's decision. (Doc. 1, p. 5).  The only relief requested by Petitioner is release on
21 parole. (Doc. 1).

22       In Respondent's motion to dismiss, Respondent submits documentation indicating that on
23 March 3, 2007, Petitioner was released on parole and that he remains on parole at the present
24 time, thereby rendering Petitioner's sole complaint in these proceedings–i.e., denial of his
25 constitutional right to release on parole--moot. (Doc. 9, Exh. A).  There is no further relief the
26 ///

27
28     [1]The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

Court can grant to Petitioner. Thus, Respondent's motion to dismiss should be granted and the instant petition should be DISMISSED as moot.

## **RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the motion to dismiss (Doc. 9) be GRANTED and the petition for writ of habeas corpus (Doc. 1) be DISMISSED as MOOT.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **April 8, 2008**                                    **/s/ Theresa A. Goldner**
                                                                          UNITED STATES MAGISTRATE JUDGE